Mr. Justice Wylie
delivered the opinion of the court:
On the 3d of July, 1852, one Charles W. Flint purchased from John O. Rives a part of lot 6, in square 254, in the city of Washington, for the sum of $13,000, of which $3,000 were paid in cash, and four notes of $2,500 each, payable in one, two, three, and four years after date, with interest, were given for the balance. These notes were simultaneously secured by a deed of trust upon the property. Subsequently, in the years 1853 and 1854, two other deeds of trust were placed upon the property by Flint. The first and the second of the Rives notes were duly paid at maturity, but the third and fourth were not so paid. The notes secured by the youngest of the three deeds of trust having matured and being unpaid, the trustee, William P. Williams, on or about the 1st of April, 1858, sold the property to Edward H. Pendleton for $9,800. At the date of this sale Rives’sdebt, with .interest, amounted *303 to 86,725, and the subsequent incumbrances, including taxes ? &c., swelled the charges upon the property to $11,363.20.
As Rives’s was the oldest, and the sale was made under the youngest, of the three deeds of trust, the purchaser, unless under special arrangements, could take only such equity in the property as remained after the two other deeds of trust, which were prior in date to that under which the sale was made. These could not be affected by the sale. The proceeds of the sale could represent no more than the value of this remote equity, and no part of such proceeds could be applied toward payment of the earlier incumbrances.
We are convinced, however, rhat an agreement was entered into by all the parties, before the sale was made, that the sale should be clear of all the deeds of trust, and that these should be paid out of the proceeds pro rata. After deducting for taxes, insurance, expenses of sale, &c., there remained $8,633.30 of the purchase-money. The debts were—
To Rives.....................................$6,725 00
To Chubb Bros ............................... 2,910 00
To Lacy...................................... 53150
10,196 50
The money ($8,633.30) was divided between these debts pro rata, at the rate of 81§ per cent, to each claim; Rives receiving $5,691.50 upon a debt of $6,725, and accepting, as part payment, a note of the new purchaser, Pendleton, for $2,931, secured by a new deed of trust upon the property $ and this note was subsequently collected by him from Pendleton’s estate.
Unless by consent of Rives, the property must have been sold subject to his deed of trust, in which case he could have claimed no part of the proceeds. After having consented to share in the proceeds to the extent of 81| per cent, of his whole claim, his heirs ought not now to assert claim under his deed of trust for the deficiency, especially after so great a lapse of time. The notes secured by that deed were dated 3d of July, 1852, and the last of them to mature fell due in July, 1856; about eighteen years prior to the institution of the present suit.
*304 It is quite probable that Mr. Eives entertained the notion that he might share in the proceeds of the sale made in 1858 and still hold his deed of trust as security for any deficiency; for in no other way can we account for his consent to come in on the proceeds pro rata with junior incumbrancers, when his security was absolutely perfect for the whole of bis claim. But that was impracticable, except with the consent both of Flint, the debtor, and of Pendleton, the purchaser. The latter is dead, and Flint, whose testimony has been taken in the cause, says that by agreement of all the parties the sale .was to be clear of all the incumbrances. This testimony is also very strongly corroborated by the evidence of A. Thomas Bradley as to the declarations of Eives himself. At all events, he could not now be heard to set up a claim at war with his own acts; and his heirs are in no better situation.
We think the deed of trust in question constitutes such a cloud upon the complainant’s title as ought to be removed.
The decree below affirmed.